UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14094-CIV-MAYNARD

ADAPTIVE MARITIME EXPERTISE, INC.,

    **Plaintiff,**

v.

STATE OF FLORIDA FISH & WILDLIFE
CONSERVATION COMMISSION,

    **Defendant.**

_____/

## REPORT & RECOMMENDATION

**THIS CAUSE** is before me upon a *sua sponte* review of the record. Plaintiff has not taken affirmative steps to continue prosecuting the claims in this case or timely complied with my most recent Order requiring Plaintiff to secure counsel, file an amended complaint, and pay the requisite $405 filing fee by May 5, 2025. DE 4. Thus, I recommend that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute, failure to comply with my Order, and failure to state a valid claim.

## BACKGROUND

On March 25, 2025, Plaintiff purported to file a *pro se* complaint by "Plaintiff, Adaptive Maritime Expertise, Inc.—the owning entity of the Vessel in question, 'Hosanna' of Melbourne, FL—represented by its President and Director, Gunnar Christian Beswick." DE 1 at 1. The complaint invokes maritime law and alleges "violation of Constitutional rights, police negligence, and unconstitutional proceedings under Florida Statutes" relating to a vessel owned by Plaintiff that is "predominantly aground" and "located along an undeveloped section of the

short beside the Indian River Lagoon." *Id.* at 2-3, 10.  As relief, Plaintiff seeks injunctive relief against Defendant's administrative actions.  *Id.* at 10.  Plaintiff also filed an accompanying motion seeking to proceed *in forma pauperis* ("IFP").  DE 3.

On April 14, 2025, I issued an Order finding Plaintiff ineligible to proceed IFP.  DE 4.  Additionally, my screening of the Complaint revealed legal deficiencies that must be cured for this case to proceed.  *Id*.  Thus, I ordered Plaintiff to secure counsel, file an amended complaint, and pay the requisite $405 filing fee by Monday, May 5, 2025.  *Id*. at 3.  The deadline passed and nothing was filed.

## **ANALYSIS**

This case is now subject to dismissal for three reasons, each of which will be discussed below.

First, Plaintiff's failure to comply with the May 5, 2025, Court-ordered deadline leads me to conclude that his complaint should be dismissed for failure to prosecute.  A district court may dismiss a case, on its own initiative, if a plaintiff abandons its prosecution of the suit or fails to comply with court orders.  *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)) and holding that "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order"); *see also Lopez v. Devito*, 2022 WL 1214888, at *2 (11th Cir. Apr. 25, 2022) (affirming dismissal of *pro se* civil action with prejudice where plaintiff engaged in clear pattern of delay and refusal to cooperate, including by repeatedly failing to comply with the district court's orders or adhere to the district court's schedule even in the face of express warnings about the risk of dismissal with prejudice).  Indeed, the power to dismiss a case is part of a court's inherent authority to manage its docket and ensure the expeditious resolution of cases.  *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 44 (1991) (discussing federal courts' inherent power and stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute").

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice). In contrast, a dismissal *without prejudice* is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Here, in my April 14, 2025 Order, I expressly cautioned that Plaintiff's "**failure to comply with this Order may result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute**." DE 4 at 3 (emphasis in original). Despite my warning, it appears that Plaintiff is not interested in pursuing the claims raised in the complaint. Given Plaintiff's lack of activity since initiating this lawsuit and failure to comply with my Order, I find that the appropriate course is to dismiss this action without prejudice.[1] *See, e.g., Riddell v. Florida*, 702 F. App'x 869, 871-72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond

---

[1] The fact that Plaintiff is attempting to proceed *pro se* doesn't excuse the failure to comply with Court Orders and governing rules. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Still, once a [*pro se*] litigant is in court, he is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure.")

to an order requiring him to show why the case should not be dismissed following his failure to respond to a motion to dismiss).

Next, as I pointed out in my Order denying Plaintiff's IFP motion, Plaintiff's complaint is legally deficient. Plaintiff Adaptive Marine Expertise, Inc. ("Adaptive Marine") is a corporation and, as such, cannot appear *pro se* or through its officers in federal court. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (corporations and other artificial entities can only appear in federal court through licensed counsel; *pro se in forma* pauperis plaintiffs cannot represent them); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). As a result, the current *pro se* complaint is a legal nullity that must be disregarded. *See Hernandez v. Espinosa*, 2008 WL 4540990, at *1 (S.D. Fla. Oct. 9, 2008) (quoting *Simon v. Leaderscape, LLC*, 2007 WL 1879393, * 1 (S.D. Fla. June 26, 2007) ("a pleading signed in the corporate name by one of its agents or officials is a nullity, and must be disregarded") and *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006) (rule that corporation cannot appear *pro se* "has been applied to dismiss any action or motion filed by a corporation purporting to act *pro se*" )). This means that the complaint filed by Mr. Beswick on behalf of his company, Adaptive Marine, is subject to dismissal for failing to state a valid claim.

Lastly, the complaint warrants dismissal because it is a shotgun pleading. It is well settled that shotgun pleadings "are altogether unacceptable . . . [and] exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). The Eleventh Circuit has identified four general categories of shotgun pleadings: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a

combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails by "not separating into a different count each cause of action or claim for relief. "; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Here, the complaint falls into at least the third category of impermissible shotgun pleadings. The complaint does not separate Plaintiff's claims into different counts for each cause of action or claim for relief. DE 1. It is written in narrative format and alleges various violations of constitutional rights and Florida statutes, as well as police negligence. *Id*. at 10. A properly pled complaint must clearly set out its claims by alleging each violation in individual counts. As presently pleaded, Defendant could not be expected to respond. Accordingly, the complaint is subject to dismissal as a shotgun pleading.

## RECOMMENDATION

Accordingly, for the foregoing reasons, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions

contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 14th day of May, 2025.

                                                SHANIEK MILLS MAYNARD
                                                U.S. MAGISTRATE JUDGE